UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

    Plaintiff,                                     No. 14-13439

v.                                                  District Judge Arthur J. Tarnow
                                                       Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

      On September 4, 2014, Plaintiff Jack Mann, a prison inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed a *pro se* civil complaint, naming individual Defendants employed by the BOP. On April 8, 2015, the United States of America was substituted for the individual Defendants, under 28 U.S.C. § 2679(d)(1) [Doc. #30]. Before the Court are Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. #28], Plaintiff's Motion for Summary Judgment [Doc. #36], and Plaintiff's self-styled "Motion in Opposition to Defendant's Motion for Summary Judgment and: Jack Mann's Cross Motion for Summary Judgment or in the Alternative; Motion for Judgment in Favor of Jack Mann on the Record" [Doc. #68].[1] These motions have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend as follows:

      (1) That the Defendant's Motion to Dismiss or alternatively for Summary

---

[1] Viewing this *pro se* Plaintiff's pleadings liberally, I will construe this as his dispositive motion for judgment in his favor, and will also consider it as his response both the Defendant's motion for summary judgment and its motion to strike his amended complaint.

Judgment [Doc. #28] be construed as an unenumerated motion under Fed.R.Civ.P. 12(b), that it be GRANTED, and that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

(2) That both of Plaintiff's motions/cross-motions for summary judgment [Doc. #36 and Doc. #68] be DENIED.

## I.   FACTS

At the time of the alleged incidents that undergird his Complaint, Plaintiff was housed in the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). He alleges that "[o]n or about November of 2013," Douglas Straub, a corrections officer, verbally and physically assaulted him. *Complaint* [Doc. #1], ¶ 1. Plaintiff surmises that the "predicate occurrence" that led to this incident was a letter that Plaintiff sent to the Director of the Bureau of Prisons that resulted in an Internal Affairs investigation of Straub's daugher, Hillary Straub, who was also a corrections officer. *Id*. ¶ 2. Plaintiff alleges that a Lt. Bozeman, a Lt. Calvird (who "has since married Hillary Straub and had a child"), and Hillary Struab "all use their contacts, friendships, and acquaintances to retaliate against Mann." *Id*. ¶ 4. Plaintiff claims that as a result of this retaliation, he was denied access to programs and to the good time credit he would earn by being enrolled in these programs. *Id*. ¶ 6.[2] As a result of the actions of BOP employees, including physical and verbal assault and retaliation, Plaintiff claims that he has suffered emotional distress, and seeks millions of dollars in damages.

Plaintiff filed a separate complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401(b) and 2679 *et seq.*, which was dismissed on or about April 9, 2014. *Id*. ¶ 5.

---

[2] Plaintiff does not specify which programs he was denied access to.

Defendant seeks dismissal based on Plaintiff's failure to exhaust his administrative remedies before filing his complaint. Attached to Defendant's motion as Exhibit 2 is the sworn declaration of Cynthia Suydam, the Associate Warden's secretary at FCI Milan. Ms. Suydam states that she reviewed the BOP's database ("SENTRY") for records pertaining to Plaintiff Jack Mann's requests for administrative remedies. She found that Plaintiff did not file a request for administrative remedy concerning verbal and physical abuse by Straub until October 13, 2014, when he submitted remedy number 796578-F1. *Suydam Affidavit*, ¶ 10.[3] She states that "[t]here is no other record of a further administrative remedy filing or appeal regarding the matters raised in remedy number 796578-F1." *Id*. ¶ 11.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[4]   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825,

---

[3] Plaintiff's request for administrative remedy, appended to Ms. Suydam's declaration, bears a date of October 3, 2014, not October 13. While the declaration thus appears to contain a typographical error, it has no material bearing on the disposition of this case, since either date was after Plaintiff filed his complaint in this Court.

[4] The PLRA's exhaustion requirement applies to *Bivens* actions that are based on prison conditions, as well as actions under § 1983. *See Owusu v. Fed. Bureau of Prisons,* 2003 WL 68031, at *1 (S.D.N.Y. 2003)("Under the PLRA, a prisoner pursuing a federal lawsuit, including a *Bivens* action like this one, is required to exhaust the available administrative remedies before a court may hear his or her case.")(Citing *Porter v. Nussle*).

149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).[5]

### III. DISCUSSION

Plaintiff does not deny that he did not commence the BOP grievance process until

---

[5] As I noted in *Twohig v. Riley*, 2013 WL 3773365, *3-4 (E.D. Mich. 2013), there has been a divergence of views concerning whether a motion to dismiss under 42 U.S.C. § 1997e(a) is properly characterized as a summary judgment motion, a Rule 12(b)(6) motion, or an unenumerated Rule 12(b) motion. In *Twohig*, I chose the latter as "the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA...." *See also McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014)(Cleland, J.). I recommend the same approach in this case.

after he filed his complaint. Rather, he argues that because the retaliation was continuing, he "had to decide if the PLRA remedies were proper due to this ongoing problem." *Plaintiff's Motion in Opposition* [Doc. #35], p. 4. Of course, the alleged assault of November, 2013 was a discrete, not an ongoing event. But more to the point, Plaintiff does not get to decide whether and when to undertake PLRA remedies; those remedies are mandatory. *Porter v. Nussle*. By Plaintiff's reasoning, an inmate has but to allege ongoing retaliation, and he or she is excused from the requirements of the PLRA. This is not, nor has it ever been the law. Exhaustion is required even if the inmate subjectively believes that the remedy is not available or that the procedure is "ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). In addition, if Plaintiff claims that as the result of retaliation, he was denied access to certain programs (which he fails to identify), then at the latest, the date of denial would be the triggering event for initiating an administrative remedy.

Instead, Plaintiff filed his first request for an administrative remedy on October 3, 2014, a month after he filed his complaint in this Court.[6] Under the PLRA, "a prison inmate may not complete the grievance process after filing suit." *Boulding v. Michigan Dep't of Corr.*, 2015 WL 136195, at *3 (E.D. Mich. 2015), citing *Larkins v. Wilkinson,*

---

[6] The BOP has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred. 28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response. *Id.* Apart from the fact that his grievance was untimely, and that it was brought after he filed his *Bivens* action, Plaintiff did not pursue his administrative remedies beyond the second step. *Suydam Affidavit*, ¶ 11.

1998 WL 898870 at *2 (6th Cir. Dec.17, 1998) (unpublished).

Nor does the fact that Plaintiff pursued and completed an action under the Federal Tort Claims Act satisfy his obligation to complete the BOP administrative process as required by the PLRA. The point of the exhaustion requirement is to give the prison authorities the opportunity to resolve the inmates' complaints. *See Jones v. Bock*, 549 U.S. at 204 ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."). An FTCA action does not vindicate that purpose. *Owusu v. Fed. Bureau of Prisons*, *supra* at *2 explained:

> "Here, while plaintiff did fully exhaust the available administrative remedies for his FTCA claim, he did not do so for his Bivens claim under the PLRA. The exhaustion procedures under the two statutes differ, and the fulfillment of one does not constitute satisfaction of the other. *Cf.* Funches v. Reish, 1998 WL 695904, at *9 (S.D.N.Y. Oct. 5, 1998) (finding that a prisoner's FTCA claim was exhausted, but that his Bivens claim was not); *Hylton v. Federal Bureau of Prisons,* No. CV 00-5747, 2002 WL 720605, at *2 (*E.D.N.Y. March 11, 2002) (finding that "it is entirely possible that [plaintiff] exhausted his administrative remedies for purposes of the FTCA without exhausting remedies pursuant to the PLRA for purposes of filing a Bivens claim" because the plaintiff had failed to exhaust the BOP's four-step grievance procedure). *The PLRA's mandatory exhaustion requirement is specifically designed to facilitate the resolution of federal prisoner claims internally without resorting to the courts, while the FTCA's administrative exhaustion requirements permit a prisoner to skip over the truly "internal" steps of the PLRA process entirely*. Furthermore, the PLRA "eliminated ... the discretion to dispense with administrative exhaustion." *Booth* 532 U.S. at 739. (Emphasis added).

Because Plaintiff did not exhaust his administrative remedies before filing this action, his complaint must be dismissed without prejudice.[7] And it naturally follows that

---

[7] Defendant also argued in it motion that it is entitled to dismissal of the retaliation claim because the Plaintiff did not suffer a physical injury, as required by 42 U.S.C. § 1997e(e). However, on June 1, 2015, after Defendant filed its motion, the Sixth Circuit rejected that construction of § 1997e(e) in the context of First Amendment claims. *King v. Zamiara,* 788 F.3d 207, 212 (6th Cir. 2015), *cert. denied,* 2016 WL 100373 (Jan. 11, 2016)("[W]e are persuaded that deprivations of First Amendment rights are themselves

the Plaintiff's own motions or cross-motions for summary judgment or judgment in his favor must be denied.

## IV. CONCLUSION

I recommend that Defendant's Motion to Dismiss or alternatively for Summary Judgment [Doc. #28] be construed as an unenumerated motion under Fed.R.Civ.P. 12(b), that it be GRANTED, and that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

I further recommend that both of Plaintiff's motions/cross-motions for summary judgment [Doc. #36 and Doc. #68] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

---

injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First *Amendment* rights."). However, because Plaintiff's complaint must be dismissed for failure to exhaust, it is not necessary to address this argument.

objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Date: January 27, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 27, 2016, electronically and/or by U.S. mail.

                                          s/C. Ciesla
                                          Case Manager