UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

       Plaintiff,                            No. 14-13439

v.                                        District Judge Arthur J. Tarnow
                                               Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Jack Mann's motion for default judgment [Doc. #59]. Because this is a dispositive motion, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The Court has already ruled on this issue, adversely to the Plaintiff, so I recommend that the motion be DENIED.

On September 4, 2014, Plaintiff, a prison inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed a *pro se* civil complaint, naming individual Defendants employed by the BOP. On April 8, 2015, the United States of America was substituted for the individual Defendants, under 28 U.S.C. § 2679(d)(1) [Doc. #30].

Plaintiff previously filed a motion for default judgment on February 23, 2015 [Doc. #22]. In my Report and Recommendation of May 21, 2015 [Doc. #50], I found as follows:

> "It appears that Plaintiff is asking for a default judgment. In any event, on February 19, 2015, the Court entered a text-only order granting the Defendants' motion for extension. Plaintiff has cited no other basis for entering judgment in his favor. In addition, on April 8, 2015, the Court entered an order dismissing Defendants Straub, Hillary Calvird and Michael Calvird with prejudice, and substituting the United States of America as the sole Defendant [Doc. #30]. Thus, Plaintiff's motion is moot."

On July 23, 2015, Judge Tarnow adopted my Report and Recommendation, and dismissed Plaintiff's motion for default judgment as moot [Doc. #60].

In his present motion, Plaintiff "opposes the view" that there should be no individuals named in the lawsuit, and that the individual Defendants "should continue to be the named Defendants for the remainder of this case." *Motion*, ¶ 2. He also complains that the individual Defendants have not responded to his requests to mediate or arbitrate his claims.

First, Plaintiff is wrong if he thinks it was improper to substitute the United States for the individual Defendants. 28 U.S.C. § 2679(d)(1) provides:

> "**(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court *shall* be deemed an action against the United States under the provisions of this title and all references thereto, and the United States *shall* be substituted as the party defendant." (Emphasis added).

Assistant United States Attorney Elizabeth J. Larin, Chief of the Civil Division, made the required certification. *See* Doc. #27, Exhibit 1.

Secondly, defendants (or in this case, non-defendants) have no obligation to respond or accede to a plaintiff's request to mediate a case, and a defendant's (or non-defendant's) refusal to do so is certainly not a basis for a default judgment.

Plaintiff has not cited any other basis for a default judgment. Defendant United States requested and received an extension of time to file a response to Plaintiff's complaint, and filed a timely motion to dismiss on April 7, 2015 [Doc. #28]. The present motion should be denied.

**CONCLUSION**

I recommend that Plaintiff's motion for default judgment [Doc. #59] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 28, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 28, 2016, electronically and/or by U.S. mail.

                                              s/C. Ciesla
                                              Case Manager