UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

Case No. 14-13439

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER VACATING IN PART THE COURT'S ORDER REFLECTING SUBSTITUTION OF UNITED STATES AS DEFENDANT [30]; ADOPTING REPORTS AND RECOMMENDATIONS [70, 73], GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [28], DENYING PLAINTIFF'S PENDING MOTIONS [36, 59, 68, 77, 78]; AND DISMISSING CASE WITHOUT PREJUDICE**

On January 27, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) [70], recommending that the Court deny Plaintiff's Motions for Summary Judgment [Dkt. #36, 68], grant Defendant's Motion to Dismiss and/or for Summary Judgment [28] as an unenumerated motion under Federal Rule of Civil Procedure 12(b), and dismiss the case without prejudice for failure to exhaust administrative remedies. On January 28, 2016, the Magistrate Judge issued a second R&R [73], recommending that the Court deny Plaintiff's Motion for Default Judgment [59] as moot. On February 1, 2016, the Court received Plaintiff's Motion to

1

Stay [74].  On March 2, 2016, the Court issued an Order [76] denying Plaintiff's Motion to Stay but granting Plaintiff an extension of time in which to file objections to the R&R.  On March 11, 2016, the Court received Plaintiff's Motion for Request of Recommendation of Findings in King v. Zamiara and Motion for Damages Hearing [77], as well as his Motion for Default Judgment [78].  On March 22, 2016, the Court received Plaintiff's Objections to the R&R [79].  On March 24, 2016, Defendant filed Responses [80, 81] to Plaintiff's Motion for Default Judgment and Motion for Request.

For the reasons stated below, the Court's Order Reflecting Substitution of United States as Defendant [30] is **VACATED** with respect to its dismissal of Plaintiff's *Bivens* claim against former defendants Straub, Calvird, and Calvird.  The Magistrate Judge's Reports and Recommendations [70, 73] are **ADOPTED**.  Defendant's Motion to Dismiss and/or for Summary Judgment [28] is **GRANTED** as an unenumerated motion under Federal Rule of Civil Procedure 12(b).  Plaintiff's pending motions [36, 59, 68, 77, 78] are **DENIED** as moot.  The case is **DISMISSED** without prejudice.

### FACTUAL BACKGROUND

In April 2013, while imprisoned at the Federal Correctional Institution in Milan, Michigan (FCI Milan), Plaintiff sent a letter to Charles Samuels, Director of the Federal Bureau of Prisons (BOP).  In the letter, he accused former defendant

Hillary Calvird of disrespectful behavior towards himself and other prisoners. He speculated that other prison staff permitted her to act his way because her father, former defendant Douglas Straub, was also a corrections officer at FCI Milan. He mentioned that he had a pending administrative claim under the Federal Tort Claims Act (FTCA) against Ms. Calvird for mishandling some of his property, resulting in its theft by other prisoners.

As a result of Plaintiff's letter, the BOP investigated Ms. Calvird's behavior and sanctioned her in May 2013. Plaintiff alleges that his role in causing the investigation sparked retaliatory animus in Straub, Ms. Calvird, and former defendant Michael Calvird (Ms. Calvird's husband, also a corrections officer at FCI Milan). He alleges that Straub and the Calvirds "use their contacts, friendships, and acquaintances to retaliate against" him. He alleges that the former defendants have tainted his relationship with his unit team, causing him to be denied access to programs and the good time credits available through those programs.

Plaintiff further alleges that in November 2013, Straub, accompanied by Mr. Calvird and a third corrections officer, confronted Plaintiff.[1] Straub allegedly stepped in close to Plaintiff, pointed in his face, asked if he thought he was "running something," and screamed that Plaintiff was an inmate. Plaintiff claims he was certain Straub was going to strike him. Also in November 2013, Straub allegedly

---

[1] In his Complaint, Plaintiff mentions that he is unsure if this incident occurred in November 2013, attributing his uncertainty to a traumatic brain injury.

threatened to have another corrections officer "handle" Plaintiff if he "made a peep" about Straub's conduct.

Plaintiff was later placed in the Special Housing Unit (SHU) as punishment for allegedly minor conduct.  He alleges that the former defendants caused him to be placed in the SHU and/or caused him to be there longer than he otherwise would have been.  He also alleges that Mr. Calvird harassed him while he was in the SHU by repeatedly asking if he was nervous in a threating manner.  Finally, he alleges that Mr. Calvird told him that he would "ship" him (transfer him to a different institution) if instructed to do so.

On April 29, 2014, the BOP issued a final denial of Plaintiff's administrative FTCA claim concerning Ms. Calvird's mishandling of his property.  On September 4, 2014, Plaintiff filed his complaint in this case.  According to an affidavit executed by Cynthia Suydam, Legal Assistant at FCI Milan, BOP records show that Plaintiff did not file a BOP grievance concerning the events underlying this lawsuit until October 2014.  Suydamn states that the BOP denied the grievance with instructions to provide more specific information.  She further states that there is no record of an appeal from the denial of this grievance, or of Plaintiff filing a subsequent grievance concerning the same subject matter.

## ANALYSIS

The Court must review *de novo* those portions of a Magistrate Judge's Report and Recommendation on a dispositive motion to which a party timely objects. 28 U.S.C. § 636(b)(1)(c).

As a preliminary matter, the Court notes that it dismissed former defendants Straub, Calvird, and Calvird from this case in error. On November 19, 2014, the Court issued an Order [11] dismissing several former defendants from the case for Plaintiff's failure to state a claim against them, but holding that Plaintiff had stated a claim for First Amendment retaliation against Straub, Calvird, and Calvird under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On April 2, 2015, the United States filed a Notice of Substitution [27], purporting to replace the former defendants, under the FTCA, as the sole defendant on Plaintiff's state-law tort claims.

The Notice did not acknowledge that the Court had previously construed Plaintiffs' complaint to raise a *Bivens* claim. *Bivens* actions and FTCA actions are parallel and complementary; a federal prisoner may maintain a *Bivens* suit against individual federal officers even though the underlying allegations could also support an FTCA suit against the United States. *Left Fork Min. Co., Inc. v. Hooker*, 775 F.3d 768, 777 (6th Cir. 2014) (citing *Carlson v. Green*, 446 U.S. 14, 18–19 (1980)). Nevertheless, on April 8, 2015, the Court issued an Order [30] dismissing Straub,

Calvird, and Calvird from the case and recognizing "the substitution of the United States of America for them as the sole defendant to Plaintiff Jack Mann's complaint." The Court now vacates the portion of its prior Order [30] dismissing Plaintiff's *Bivens* claim against Straub, Calvird, and Calvird, pursuant to its inherent power to reconsider interlocutory orders. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

Plaintiff's *Bivens* claim is not reopened, however, because—as the R&R concluded—Plaintiff's complaint must be dismissed without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). "The PLRA provides that a prisoner may not bring an action under federal law related to prison conditions 'until such administrative remedies as are available are exhausted.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting 42 U.S.C. § 1997e(a)). "To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy, including any time limitations." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91, (2006)). This requires "taking advantage of each step the prison holds out for resolving the claim internally." *Troche v. Crabtree*, --- F.3d ---, 2016 WL 736312, at *3 (6th Cir. Feb. 25, 2016) (quoting *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)). The PLRA's exhaustion requirements apply to *Bivens* claims. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Wilson v. United States*, 93 F. App'x 53, 54 (6th Cir. 2004) ("To raise a *Bivens* claim,

a federal prisoner must first raise his grievance through the BOP's Administrative Remedy Program.") (citing 28 C.F.R. §§ 542.10 et seq.).

Plaintiff does not contest Defendant's assertion that he failed to file a grievance concerning the alleged incident(s) of retaliation within 20 days of the incident(s), as required by 28 C.F.R. § 542.14.  Nor does he contest Defendant's assertion that after he eventually filed such a grievance in an untimely manner, he failed to appeal its denial.

In his Objections, Plaintiff asserts that he "did, in fact, exhaust his remedy under the PLRA in the SHU at FCI Allenwood by giving the Remedy to Corrections Officers in the SHU, thus satisfying the Mailbox Rule."  However, Plaintiff was imprisoned at FCI Milan when he filed his complaint, and transferred to FCI Allenwood after.  Thus, any administrative remedy he filed at FCI Allenwood was necessarily filed after he brought this suit, and could not satisfy the requirement that he exhaust his remedies prior to suit.

Plaintiff states that "[t]he only remedy that is PROVEN to have been exhausted is the FTCA remedy."  It is unclear if Plaintiff is referring to an administrative FTCA claim concerning the events at issue in this suit, or to his administrative FTCA claim concerning Ms. Calvird's unrelated mishandling of his property.  In any event, Plaintiff does not challenge the R&R's conclusion that exhaustion of an

administrative FTCA claim cannot satisfy the PLRA's separate exhaustion requirements.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Court's Order Reflecting Substitution of United States as Defendant [30] is **VACATED** with respect to its dismissal of Plaintiff's *Bivens* claim against former defendants Straub, Calvird, and Calvird.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Reports and Recommendations [70, 73] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's unenumerated Motion to Dismiss under Rule 12(b) [28] is **GRANTED**. This case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions [36, 59, 68, 77, 78] are **DENIED** as moot.

**SO ORDERED**.

_____
Arthur J. Tarnow
Dated: Senior United States District Judge