UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J ACK M ANN,

   Plaintiff,

v.

U NITED S TATES OF A MERICA,

   Defendant.
_____/

Case No. 14-13439

S ENIOR U.S. D ISTRICT J UDGE
A RTHUR J. T ARNOW

U.S. M AGISTRATE J UDGE
R. S TEVEN W HALEN

**O****RDER** **D****ENYING** **P****LAINTIFF****'****S** **M****OTION** **FOR** **R****ELIEF** **FROM** **J****UDGMENT** **[96]**

On January 27, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) [Dkt. #70], recommending that the Court deny Plaintiff's Motions for Summary Judgment [36, 68], grant Defendant's Motion to Dismiss and/or for Summary Judgment [28] as an unenumerated motion under Federal Rule of Civil Procedure 12(b), and dismiss the case without prejudice for failure to exhaust administrative remedies.  On January 28, 2016, the Magistrate Judge issued a second R&R [73], recommending that the Court deny Plaintiff's Motion for Default Judgment [59] as moot.  Plaintiff filed Objections [79] to the R&Rs.  On March 31, 2016, the Court issued an Order [82] adopting both R&Rs and dismissing the case without prejudice for Plaintiff's failure to exhaust administrative remedies.  The Court entered Judgment [83] the same day.

1

On June 9, 2016, the Court issued an Order [91] denying Plaintiff's 59(e) Motion to Alter or Amend Judgment [86] and denying other post-judgment motions as moot. On June 17, 2016, Plaintiff submitted a motion that the Court construed as a Motion for Relief from Judgment [92].[1] The Court denied that motion in an Order [94] issued on August 8, 2016. Plaintiff now moves the Court to issue relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. That rule provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

---

[1] Plaintiff titled the motion "Motion to Recall the Mandate Back to November 19, 2014 When this Court Issued an Order [11] Dismissing Former Defendants from this Case as this Was Done in Error: and Motion for Plaintiff Jack Mann to Be Allowed to Submit an Amended Complaint to this Court Showing that the Prison Litigation Reform Act Administrative Remedies Were Unavailable to Plaintiff— Which Began in FCI Milan—Continued at FCI Allenwood Where the Remedies Were Rendered Unavailable: and Motion for this Court to Order the Release [of] Any and All Information that Was Submitted to the Regional Office in Kansas City, KS as well as Any Remedy Information Submitted to the Central Office in Washington, D.C. Using the Remedy Process as well as All Responses and Receipts in the Process: and Motion for Other Relief."

A Rule 60(b) movant seeking relief under the "any other reason" provision must prove "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule . . . [and which constitute] unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b) "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Id.* at 387. A Rule 60(b) movant's request to amend his complaint does not lower the rule's standards for relief. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010).

The instant motion presents virtually the same arguments raised in Plaintiff's earlier motions. In denying Plaintiff's Rule 59(e) and 60(b) motions, the Court reasoned, in part, as follows:

> Plaintiff failed to identify, prior to the entry of judgment, any barrier that rendered the grievance process unavailable to him prior to filing suit. Even if Plaintiff had evidence that such a barrier existed, that evidence would not be grounds for post-judgment relief under Rule 59(e) unless it was newly discovered. Plaintiff has not claimed to have newly discovered any evidence.

The Court denies this motion for the same reasons.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment [96] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: December 28, 2016