UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK MANN, | Case No. 14-13439 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| UNITED STATES OF AMERICA, | U.S. MAGISTRATE JUDGE |
| | R. STEVEN WHALEN |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [107]**

On August 18, 2017, Plaintiff Jack Mann filed a Motion for Reconsideration [Dkt. #107], asserting, among other things, that he "has never been able to properly exhaust remedies." Mann asks the Court to reconsider its July 19, 2017 Order [106] in which it denied Plaintiff's Motion to Hold Case in Abeyance and denied Plaintiff's Motion to Reopen the Case.

On September 4, 2014, Plaintiff filed his *pro se* Complaint [1], alleging that the individual defendants – Bureau of Prison ("BOP") employees – retaliated against him by denying him access to programs and good time credit.[1] Defendants sought dismissal due to Plaintiff's failure to exhaust his administrative remedies. Attached to Defendant's Motion to Dismiss and/or for Summary Judgment [28]

---

[1] Plaintiff also filed a separate complaint under the Federal Tort Claims Act ("FTCA"), which was dismissed on or about April 9, 2014.

was the sworn declaration of Cynthia Suydam, the Associate Warden's secretary at FCI Milan where Plaintiff was incarcerated. According to the declaration, Ms. Suydam reviewed the BOP's database ("SENTRY") for records pertaining to Plaintiff's requests for administrative remedies. She found that Plaintiff did not file a request for administrative remedy until October 2014, after he filed the Complaint in this case. *See* Dkt. 28-3.

On January 27, 2016, after the appropriate briefing by both parties, the Magistrate Judge issued a Report and Recommendation ("R&R") [70] advising the Court to dismiss the case without prejudice due to Plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). The Court adopted the R&R on March 31, 2016 [82] and dismissed the case without prejudice. The Court entered Judgment [83] the same day. Plaintiff filed a number of post-judgment motions, all of which were denied. *See* Dkt. 84-86, 91-92, 94, 96, 99, 101, 105, 106.

Time and again, as set forth below, Plaintiff has provided the Court with contradictory information as to whether or not he properly exhausted his administrative remedies:

- April 21, 2015 Motion for Summary Judgment [36]: Plaintiff stated that he had "exhausted all FTCA and PRLA remedy requirements in a timely fashion." (Dkt. 36, Pg. ID 308).
- April 21, 2015 Affidavit [37]: Plaintiff submitted that he "personally exhausted [his] PLRA and FTCA remedies." (Dkt. 37, Pg. ID 347).

- April 12, 2016 Motion to Alter or Amend Judgment [86]: Plaintiff claimed – for the first time – that he was prevented from pursuing his administrative remedies pursuant to the PLRA. (Dkt. 86, Pg. ID 1002) ("Mann was unable to satisfy the remedy process because he was in the SHU at the facility he was filing against.").
- February 22, 2017 Motion for Notification to this Court that Administrative Remedies Were Totally Unavailable to Plaintiff Until He Arrived At Current Institution [101]: Plaintiff said that he had "a counselor at FCI Ashland who he believes will allow him to start the remedy process." (Dkt. 101, Pg. ID 1095).
- July 17, 2017 Motion to Reopen Case [105]: Plaintiff stated that he "has exhausted his remedies as per the instruction of this Honorable Court." (Dkt 105, Pg. ID 1113).

In his current Motion for Reconsideration, Plaintiff now claims that he "has never been able to properly exhaust remedies." (Dkt. 107, Pg. ID 1129). He also suggests that because he is no longer incarcerated, "he is no longer required to exhaust remedies to bring suit as he should no longer be under the Prison Litigation Reform Act requirements." *Id.*

The Court is aware that the PLRA does not apply to non-prisoners. *See Cox v. Mayer*, 332 F.3d 422, 424 (6th Cir. 2003).[2] In addition, it is well-established that a prisoner's lack of compliance with an institution's administrative process may be excused "when the improper actions of prison officials render the administrative

---

[2] Plaintiff submits that he is now residing at a halfway house in Chicago, Illinois. The Court has no information about this facility and makes no decision at this time as to whether a resident of a halfway house is subject to the requirements of the PLRA. *See Groomes v. Parker*, 2008 WL 4057763, at *1 n.1 (W.D. Tenn. Aug. 26, 2008) (explaining that the word 'prison' refers "to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.").

remedies functionally unavailable." *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014).

This case was dismissed without prejudice and is complete. A dismissal without prejudice provides Plaintiff the benefit of being able to file his case a second time. *See McCloy v. Correction Medical Services*, 794 F. Supp. 2d 743, 751 (E.D. Mich. 2011). Plaintiff may raise the issue of the applicability of the PLRA if and when he decides to file a new lawsuit.[3] At that time, Plaintiff should indicate that the new case is a companion to this case.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [107] is **DENIED.**

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow

Dated: October 4, 2017  Senior United States District Judge

---

[3] The Court notes that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[4] Pursuant to Local Rule 83.11(b)(7), "[c]ompanion cases are cases "in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence, or (iii) they are Social Security cases filed by the same claimant."